## SHENTON v. UNITED STATES.

District Court, S. D. New York.
Aug. 7, 1931.

Duer, Strong & Whitehead, of New York City (Louis L. Hamby, of Washington, D. C., of counsel), for plaintiff.

George Z. Medalie, U. S. Dist. Atty., of New York City (Frank Chambers, of New York City, of counsel), for the United States.

FRANK J. COLEMAN, District Judge.

The only question presented is whether the decedent owned property situated within the United States at the time of his death. He was a citizen of Great Britain and a resident of Hong Kong, where he died on May 27, 1926. Apparently the only things he owned which were situated within the United States were warrants for 10,000 shares of the common stock of the International Petroleum Company, Limited. That company had been incorporated in Canada, and at the time of the decedent's death it owned no property here, was not authorized to and did not do business here, and had no office nor transfer agency in the United States. The stock warrants owned by the decedent were in the custody of a banking house in New York subject to his order, and no one except the decedent had any interest in them or power of disposition.

The government contends that the mere physical presence of the stock warrants within the United States justified a taxing of a nonresident decedent's stock interest in a foreign corporation which had no property or business within this jurisdiction. The plaintiff does not question the power of Congress to levy a tax upon that basis, but urges that the statute does not show such intention. The Revenue Act of 1926 is applicable, and it provides (section 303 [26 USCA § 1095]) that the taxable estate of a nonresident decedent be determined by making certain specified deductions "from the value of that part of his gross estate which at the time of his death is situated in the United States." It further provides: "For the purpose of this title, stock in a domestic corporation owned and held by a non-resident decedent shall be deemed property within the United States. * * * *"

For the purposes of this case the warrants will be considered as equivalent to a certificate of stock. While they had coupons for dividends which might be declared and certified that the "bearer" owned the shares of stock, they were not in the nature of bonds. The coupons entitled the "bearer" to no particular sum of money, but merely to the various dividends that might be declared; and the property which the warrants certified to be owned by "bearer" was merely shares of common stock of no par value. The certificate of incorporation and the by-laws of the company provided for a substitution of stock certificates for warrants, or vice versa, upon compliance with specified regulations.

In construing the statute it should be recognized that there is no express provision to the effect that stock is to be included in computing the tax merely because the certificate for it is situated within the United States; and on the other hand there is the express clause that stock owned by a nonresident decedent is to be included, provided it is stock of a domestic corporation. The general rule is that the legal situs of personal property including stock is the domicile of the owner, though frequently tax statutes contain express provisions, such as the above mentioned clause, making the situs of stock the place of incorporation of the company issuing it. If it is intended to constitute the place where the certificate of stock physically exists as the taxable situs of the stock, that intention should clearly appear because it is contrary to the general current of thought and because, further, tax statutes should be strictly construed against the Government. The statute in question does not disclose such clear intention to include stock merely on the ground that its certificate is physically located in this country; but, on the contrary, there appears an affirmative intention to limit the tax to such stock as was owned by a resident decedent or issued by a domestic corporation. This was specifically held by the Board of Tax Appeals in Brooks v. Commissioner, 22 B. T. A. p. 71.

Both sides urge that the construction placed upon the statute by the Treasury Department in its regulations should be considered. The statutory provisions were practically identical in the Revenue Acts of 1916, 1917, 1918, 1921, 1924 and 1926. During all those years up to March, 1925, the departmental regulations indicated that the stock of a foreign corporation owned by a nonresident decedent was not to be included in computing the tax (article 53). Congress year after year re-enacted the statutory provisions in the light of the construction placed upon them by the executive, and the plaintiff contends that such construction must be deemed to have been the intention of Con-

gress. On the other hand, in March, 1925, the Treasury regulations were changed so as to expressly provide for the inclusion of all stocks of nonresident decedents where the certificates were physically located within the country (article 50); and notwithstanding this change in the regulations Congress again re-enacted the statutory provisions in the Revenue Act of 1926 which governs this case. The government contends that this last re-enactment constituted an adoption by Congress of the new construction placed by the executive on the old statutory provisions. Under the circumstances, if weight is to be given to the Treasury's construction, it would seem to be more effective on behalf of the plaintiff than of the defendant; but it would be probably unwise to place much reliance upon it.

Judgment is, accordingly, directed for the plaintiff. Settle findings on notice.